IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEROY PRITCHARD, *et al.* | : |
| | : 3:17-cv-01083-ARC |
| v. | : |
| | : |
| BIMBO BAKERIES USA, INC. and BIMBO FOODS BAKERIES DISTRIBUTION, LLC. | : |

## ORDER

**AND NOW**, this 22nd day of August, 2018, upon consideration of Plaintiffs' "Unopposed Motion for Approval of the Settlement" ("Motion"), see Doc. 51, the accompanying settlement agreement, see Doc. 51-1, and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement of this action, which includes a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**.

In the absence of Third Circuit guidance, the judges of this Court generally review FLSA settlements for fairness. See, e.g., Huyett v. Murlin, 2018 U.S. Dist. LEXIS 108012 (M.D. Pa. June 28, 2018); Trevorah v. Linde Corp., 2018 U.S. Dist. LEXIS 65523 (M.D. Pa. Apr. 13, 2018); Harrison v. Flint Energy Services, Inc., 2016 U.S. Dist. LEXIS 51674 (M.D. Pa. Apr. 15, 2016). In this regard, an FLSA settlement will be approved if it: (a) resolves a *bona fide* dispute under the FLSA; (b) is fair and reasonable to the employees; and (3) does not frustrate the

1

FLSA.  See Owens v. Interstate Safety Services, Inc., 2017 U.S. Dist. LEXIS 192247 (M.D. Pa. Nov. 21, 2018).  In addition, the Court must deem reasonable any requested attorney's fees, see, e.g., id. at *7-9, and service awards, see, e.g., Creed v. Benco Dental Supply Co., 2013 U.S. Dist. LEXIS 132911, *19-20 (M.D. Pa. Sept. 17, 2013).

Here, each of the above criteria is satisfied.  The 32 plaintiffs covered by the settlement have manifested their agreement to the settlement terms by personally signing the settlement agreement.  See Doc. 51-1.  Moreover, the settlement – which is the result of extensive arms-length bargaining by experienced legal counsel and requires defendants to pay a total of $275,000[1] – is fair and reasonable and satisfies all of the above requisites for judicial approval. Accordingly, the Settlement is **APPROVED**.

As set forth in Paragraph 3 of the Settlement Agreement, each of the plaintiffs (defined in the Settlement Agreement as the "Independent Operators"), and all of their respective representatives, employees, agents, estate, heirs, successors and assigns, and any business entity in which each has or had any ownership interest and each and all of their past, present, and future directors, officers, insurers, and employees of such entity, hereby are deemed to have waived, released, and forever discharged the Releasees from any and all legally

---

[1] This $275,000 payment will be distributed as follows:  (a) the 32 plaintiffs will share in $176,250, see Ex. A at ¶ 4; (b) Mssrs. Pritchard, Legare, and Austin will each receive $10,000 service awards, see id. at ¶ 5; and (c) plaintiffs' lawyers from Winebrake & Santillo, LLC and the Dyller Law Firm will receive a total combined payment of $68,750 (25% of the $275,000 settlement).

waivable claims, actions or causes of action, suits, claims, complaints, contracts, agreements, promises, liabilities, torts, debts, damages, controversies, judgments, rights and demands, whether existing or contingent, known or unknown, suspected or unsuspected, arising prior to the date of this Order and arising under the FLSA, PMWA, WPCL, or any other federal, state, or local laws or common law or legal theories seeking unpaid minimum wage or overtime payments or compensation for allegedly improper deductions.  This release also includes all claims for legal costs/expenses, legal fees, liquidated damages, interest, declaratory or injunctive relief, or other relief relating to or stemming from such released claims.

Pursuant to Fed. R. Civ. P. 41(a)(2), this action, including all of the Released Claims above, is **DISMISSED WITH PREJUDICE** and on the merits; and the Tolling Order contained in paragraph 4 of this Court's August 17, 2017 Order is hereby terminated.[2]

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

---

[2] The Court will retain jurisdiction over any disputes pertaining to the enforcement of the settlement.